## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES ANTHONY JACKSON, #1883042   *
  Also known as Travis M. Fullard
          Plaintiff,        *

       v.                 *   CIVIL ACTION NO. PWG-15-348

TEXAS DEPT. OF CRIMINAL JUSTICE   *
  EXECUTIVE DIRECTOR
ATTORNEY GENERAL OF TEXAS      *
MARK STILE UNIT,  WARDEN SIRINGI
         Defendants.      *
                   *****

### MEMORANDUM

James Anthony Jackson, also known as Travis Fullard, is being held in the Mark W. Stiles

Unit of the Texas Department of Criminal Justice ("TDCJ") in Beaumont, Texas.[1] On February 2,

2015, he filed a document with the Court captioned as an "Injunction," which seeks a court order to

have defendants show cause why they should not release his personal property to him, to stop them

from withholding the property, and to have them deliver it into the possession of plaintiff. ECF No.

1. Plaintiff claims that he was transferred to Texas in October of 2013, without his personal inmate

property. He states that he was informed that his property was mailed to his current place of

confinement in September of 2014. Jackson Decl., ECF No. 1-1. Plaintiff complains that despite

his filing grievances regarding the receipt of his property, he has not received a response and no

---

[1]    Plaintiff was transferred to Texas from the Maryland Division of Corrections under the Interstate Corrections Compact. ECF No. 1 at pg. 3.

official in the TDCJ has made "any attempt to locate the whereabouts of [his] personal property."[2] *Id.*

Under 28 U.S.C. § 1915A(a), district courts are required to screen all civil cases brought by inmates. *See Williamson v. Angelone,* 197 F. Supp. 2d 476, 478 (E.D. Va. 2001); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).   In conducting this review, courts should examine venue and jurisdiction, identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.   The screening is necessary to determine whether defendants/respondents should be required to respond to the action.

To the extent that plaintiff seeks injunctive relief against Texas defendants under 42 U.S.C. § 1983, there is no proper basis for venue in this District as no defendant resides in Maryland,  no substantial part of the events or omissions giving rise to the claims arose in Maryland, all the claims in this case are based upon conduct in Texas where defendants reside, and personal jurisdiction over defendants rests in Texas. *See* 28 U.S.C. § 1391(b). The Court will dismiss the complaint without prejudice by separate Order.[3]

---

[2]      Plaintiff claims that on December 10, 2014, he was informed that his property was located at the Byrd Intake Unit in Huntsville, Texas.  Compl. 5.

[3]      Plaintiff's "Injunction" was not accompanied by the filing fee or in forma pauperis motion.  In light of the dismissal of this case, he shall not be required to cure this deficiency.

Assuming he has set out viable grounds under § 1983, plaintiff may refile his case, along with an underlying complaint[4] and the filing fee or indigency motion, in the United States District Court for the Eastern District of Texas, Jack Brooks Federal Building and United States Courthouse, 300 Willow Street, Beaumont, Texas 77701.

Date: April 7, 2015.

Paul W. Grimm
United States District Judge

---

[4]     The plaintiff presents his claims only as an "Injunction," but without a complaint and preliminary injunction, a temporary restraining order would serve no purpose. An injunction without an underlying cause of action would be useless in this case. For this reason, the document filed by plaintiff was liberally construed to be a complaint requesting temporary injunctive relief. It is unclear whether other district courts would accept such a document for filing without a complaint and filing fee or indigency motion.